UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAYER AMSCHEL
ROTHSCHILD, and all others
similarly situated,

    Plaintiff,

v.                                   Case No.:  2:24-cv-304-SPC-KCD

ANYWHERE ADVISORS LLC and
ANYWHERE REAL ESTATE INC.,

    Defendants.
_____/

## REPORT & RECOMMENDATION

Mayer Rothschild filed a complaint to sue Anywhere Advisors, LLC and Anywhere Real Estate, Inc. (Doc. 1.) Rothschild also moved to proceed *in forma pauperis*. (Doc. 2.) The IFP motion was "granted as to the 28 U.S.C. § 1915(a) poverty requirement but denied as to the action's sufficiency under § 1915(e)(2)." (Doc. 4 at 1.) This is because the complaint was a classic "shotgun pleading" that contained "irrelevant factual allegations mixed among legal conclusions that together form[ed] a mass of confusion." (*Id*. at 4.)

Rothschild was directed to file an amended complaint that "complies with the proper pleading standards and omits any class action allegations" by July 18, 2024. (*Id*. at 7, Doc. 14.) He was warned that failure to do so would

result "in a recommendation that this case be dismissed." (*Id.*) Rothschild did not comply.

Ignoring the Court's orders is grounds for dismissal. "A plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." M.D. Fla. R. 3.10. Similarly, the Court has the "inherent power" to dismiss a case for lack of prosecution under its authority to manage its docket. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). Rothschild has not diligently prosecuted this case because he ignored the Court's orders to file an amended complaint. This failure shows his lack of interest in prosecuting his case. Thus, the Court should dismiss this matter without prejudice.

**Recommended** in Fort Myers, Florida on July 24, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:   All Parties of Record

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.